IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVIE ALTON REED, #222865, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 19-0206-TFM-N |
| MOBILE COUNTY SHERIFF'S DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous.

**I. Amended Complaint.** (Doc. 7).

The complaint before the Court is a court-ordered amended complaint filed on this Court's § 1983 complaint form. (Doc. 9). In it, Plaintiff names as Defendants, the Sheriff's Department of Mobile County, Alabama, and the Mobile County Sheriff's

Department's K-9 Unit. (*Id.* at 4-5). Neither Defendant's address is provided, nor is an individual person mentioned.

According to Plaintiff, on May 17, 2018, while he was sitting in the woods near Steve's Auto Center in Theodore/Tillman's Corner, Mobile County, and was not offering any resistance, he was attacked without warning by a dog from the Mobile County Sheriff's Department's K-9 Unit. (*Id.* at 4). Plaintiff complains that the K-9 Unit did not announce its presence nor the release of the dog. (*Id.*). If their presence had been announced, Plaintiff contends that he would have gotten up and "walked toward the Sheriff's Department." (*Id.*).

As a consequence of the attack, Plaintiff underwent several hours of surgery to his right arm and hand at Spring Hill Memorial Hospital, where he stayed for over a week. (*Id.* at 6). Plaintiff has permanent nerve and muscle damage in his right bicep and in a portion of his right hand, which deprives him of full use of his right arm and of the feeling sensation. (*Id.*). His bicep has a gaping hole with a two-to-three-inch long scar that is one-inch deep. (*Id.*).

For relief, Plaintiff requests "damages" for injuries and for the loss of the full use of his right arm and hand and a reprimand and/or sanction to the Mobile County Sheriff's Department's K-9 Unit. (*Id.* at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his

amended complaint (Doc. 9) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*

---

[1] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

*Iqbal*, 566 U.S. 662. The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Id.* at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III. Analysis.

In order to bring a viable § 1983 claim, the defendant sued must be an entity that is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held[.]" FED.R.CIV.P. 17(b); *see Dean*, 951 F.2d at 1214. Under Alabama law, an Alabama sheriff's department lacks the capacity to be sued. *Id.* at 1214-15; *King v. Colbert*, 620 So.2d 623, 626 (Ala. 1993); *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). Accordingly, Defendant Mobile County Sheriff's Department is not a suable entity. *Ferguson v. Houston Cty. Sheriff's Dep't,* 2010 WL 231573, at *2 (M.D. Ala. 2010) (unpublished) (the claims against sheriff's department were dismissed as frivolous because the sheriff's department "is not a legal entity subject to suit or liability under § 1983").

Then it follows, that a unit within the sheriff's department, that is, its K-9 Unit, likewise lacks the capacity to be sued. *Dean,* 951 F.2d at 1214; *see North v. Elmore Corr. K-9 Unit,* 2010 WL 1250813, at *1 (M.D. Ala. 2010) (unpublished) (the claims against the correctional facility's K-9 Unit were dismissed as frivolous because it "is not

a legal entity subject to suit or liability under § 1983"). Similarly, Defendant Mobile County Sheriff's Department's K-9 Unit is not a suable entity.

## IV. Conclusion.

Because Defendant Mobile County Sheriff's Department and Defendant Mobile County Sheriff's Department's K-9 Unit are not suable entities, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Jackson v. Sullivan*, 2018 WL 6184782, at *2 (M.D. Ala. 2018) (unpublished) (dismissing the action with prejudice because the claim against the unsuable police department was frivolous).

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the

absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 30th day of July, 2019.

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**